IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LRN CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A. MERRILL PHILIPS, )<br>)<br>Defendant. ) | Case No. 1:05CV01652<br>Judge: Emmet G. Sullivan |

## MOTION TO DISMISS, ANSWER AND COUNTERCLAIM

### Motion to Dismiss

The defendant, A. Merrill Philips ("Philips"), by counsel, pursuant to Rule 12(b)(6), hereby moves to dismiss the plaintiff's Complaint for Injunctive Relief for failure to state a claim upon which relief can be granted, for the reasons set forth in Defendant's Brief in Support of Motion to Dismiss, filed herewith.

WHEREFORE, Philips respectfully requests that the plaintiff's Complaint for Injunctive Relief be dismissed with prejudice, and that she be awarded her costs and attorneys' fees.

## Answer

The defendant, A. Merrill Philips ("Philips"), by counsel, pursuant to Rule 12(a), hereby answers the Complaint for Injunctive Relief filed by the plaintiff, LRN Corporation ("LRN"), responding to the Complaint in like-numbered paragraphs:

1. Deny.

2. Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations.

3-6. Admit.

7-8. Admit that LRN purports to create, market and provide the listed services, and admit that LRN's products are copyrighted and distributed through password-protected websites.

9. Admit, except deny that LRN's products are capable of "scaling to any bandwidth requirement."

10. Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations.

11. Deny.

12. Deny that LRN consistently reminds its employees of the need to protect the company's trade secrets and confidential proprietary information. Philips is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

13. Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations.

14. Admit.

15-16. Admit that a portion of the referenced agreement is quoted.

17. Deny.

18-19. Admit that a portion of the referenced agreement is quoted.

20-21. Admit.

22. Admit that Philips began her employment with LRN holding the title of Regional Director. The remaining allegations are not understandable.

23. Deny.

24. Admit.

25. Admit that Philips was responsible for executing effective prospecting techniques to help her schedule appointments with General Counsel and other executives of clients and prospective clients. Philips is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

26-27. Deny.

28. Deny, except admit that Philips received commissions and often completed sales for which LRN received several thousand dollars.

29. Admit.

30. Admit that Philips did not sign an Intellectual Property and Confidentiality Employee Confirmation.

31-32. Admit that a portion of the referenced agreement is quoted.

33. Deny.

34. Philips is without sufficient information or knowledge to form a belief as to the truth of the allegations.

35. Admit, except deny that Midi describes itself using language indicating that it is a direct competitor of LRN.

36. Deny, except admit that Midi is a leader in the design and development of effective, interactive compliance and ethics learning solutions, and that Midi provides software-based training to its clients.

37. Deny.

38. Admit.

39. Philips is without sufficient information or knowledge to form a belief as to the truth of the allegations.

40. Admit that LRN demanded that Philips sign an affidavit, which affidavit contained the quoted language and additional language. Philips is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

41. Deny, and affirmatively state that Philips advised LRN's counsel on July 18, 2005 that she was aware of her obligations to LRN and that she had not and would not violate them.

42. Admit, and further state that in the letter, LRN's counsel threatened Philips with litigation unless she signed an affidavit that stated or implied that she had violated her agreements with LRN and LRN's trade secrets rights, despite LRN's counsel's knowledge that Philips believed that such a statement would be false, in that she had not violated her agreement or LRN's trade secrets rights.

43. Admit, and further state that in the letter, LRN's counsel once again threatened Philips with litigation unless she signed an affidavit that stated or implied that she had violated her agreements with LRN and LRN's trade secrets rights, despite LRN's counsel's knowledge that Philips believed that such a statement would be false, in that she had not violated her agreement or LRN's trade secrets rights.

44. Deny, and further state that in this letter, LRN and its counsel were advised, again, that Philips had not violated her agreements with LRN or LRN's trade secrets rights. This letter further requested that LRN provide to Philips any facts that supported its threats. LRN provided no such facts in response to this letter, and has provided none in its complaint.

45. Admit that LRN's counsel was advised that Philips would not sign the affidavit that stated or implied that she had violated her agreements with LRN and LRN's trade secrets rights. Philips is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

46. Deny.

47. No answer is required.

48-50. Deny.

51. No answer is required.

52-62. Deny

63. No answer is required.

64-67. Deny.

Any allegations in the complaint not expressly admitted herein are denied.

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

LRN's claims are barred in that they are founded, if on any theory, upon the inevitable disclosure doctrine.

### Third Defense

LRN's claims are barred by the doctrine of unclean hands.

Fourth Defense

LRN's claims are barred by its prior breach of contract.

Fifth Defense

LRN's claims are barred by Cal Bus. & Prof. Code § 16600.

Sixth Defense

Philips reserves the right to amend her answer to assert other defenses as additional facts become known.

WHEREFORE, Philips requests that LRN's complaint be dismissed and that she be awarded her costs and attorneys' fees.

**Counterclaim**

The counterclaim plaintiff, A. Merrill Philips ("Philips"), by counsel, pursuant to Rule 13, states the following as her counterclaim:

Introduction

1.   This is a counterclaim to recover attorneys' fees incurred and continuing to be incurred by Philips as a result of the plaintiff's bad faith claims of trade secret misappropriation, pursuant to Cal. Civ. Code § 3426.4.

Parties

2.   Philips is a natural person who resides and is domiciled in the District of Columbia.

3.  The counterclaim defendant, LRN Corporation ("LRN"), is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in California.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332, in that Philips and LRN are citizens of different states and the amount in controversy exceeds $75,000. Further, this counterclaim is compulsory.

5.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to this counterclaim occurred in the District of Columbia, and because LRN, by filing its action in this Court, has consented to venue in the District of Columbia.

### Facts

6.  In its complaint in this action, LRN has purported to make claims of trade secret misappropriation against Philips under the California Uniform Trade Secrets Act ("CUTSA").

7.  LRN's claims against Philips under CUTSA are unethical and frivolous, are objectively and subjectively specious, reckless and/or grossly negligent, and lack any factual or legal basis whatsoever.

8.  LRN filed its claims against Philips under CUTSA despite knowing that its claims were unethical and frivolous, objectively and subjectively specious, reckless and/or grossly negligent, and without any factual or legal basis.

9.  LRN filed its claims against Philips under CUTSA for improper purposes, including, without limitation, spite, malice, harassment of Philips and her employer, to attempt to coerce Philips into making promises and statements that she was not legally required to make,

7

and to attempt to coerce Philips to suppress information about LRN's extraordinary employee turnover, low employee morale, poor treatment of its employees, and difficulties in delivering products to customers.

10.     Pursuant to Cal. Civ. Code § 3426.4, part of CUTSA, "[i]f a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney's fees to the prevailing party."

11.     Because LRN's claims of trade secret misappropriation against Philips are made in bad faith, and because Philips will be the prevailing party in the underlying action, Philips is entitled to an award of her attorneys' fees.

12.     As a direct result of LRN's bad faith, unethical, frivolous, objectively and subjectively specious, reckless and/or grossly negligent, and baseless claims of trade secret misappropriation, Philips has incurred, and will continue to incur, substantial attorneys' fees, which are expected to exceed $75,000.

WHEREFORE, Philips requests that judgment be entered in her favor and against LRN in the amount of her attorneys' fees, plus interest and costs.

A. MERRILL PHILIPS<br>By Counsel

**NEWBERG & WINTERS LLP**
8300 Boone Boulevard
Suite 500
Vienna, Virginia 22182
(703) 714-9530
Facsimile (703) 991-4516

By: _/s/ Brad R. Newberg_
    Brad R. Newberg (D.C. Bar No. 467898)
    Christopher Winters (D.C. Bar No. 461454)
    Counsel for Philips

Of Counsel:

Rodney G. Leffler
Timothy B. Hyland
LEFFLER & HYLAND
A Professional Corporation
4163 Chain Bridge Road
Fairfax, Virginia  22030-4102
(703) 293-9300
Facsimile (703) 293-9301


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Motion to Dismiss, Answer and Counterclaim was hand delivered this 9th day of September, 2005, to:

> Michelle L. Schaefer, Esquire
> Roxanne Sokolove Marenberg, Esquire
> DLA PIPER RUDNICK GRAY CARY US LLP
> 1200 19th Street, N.W.
> Washington, D.C.  20036

_____
Brad R. Newberg