IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LRN CORPORATION, ) | |
| ) | |
| PLAINTIFF/ ) | |
| COUNTERCLAIM ) | |
| DEFENDANT ) | |
| ) | |
| v. ) | CASE NO.: 1:05cv01652 |
| ) | Judge: Emmet G. Sullivan |
| A. MERRILL PHILIPS, ) | |
| ) | |
| DEFENDANT/ ) | |
| COUNTERCLAIM ) | |
| PLAINTIFF ) | |

## LRN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff/Counterclaim Defendant LRN Corporation ("LRN" or "Counterclaim Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12, hereby answers the Counterclaim filed by Defendant/Counterclaim Plaintiff A. Merrill Philips ("Philips" or "Counterclaim Plaintiff"). LRN generally denies liability as to all counts, all claims and all averments. Further, with respect to the specific allegations contained in the numbered paragraphs of Philips' Counterclaim, LRN states as follows:

### INTRODUCTION

1.   This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required.

### PARTIES

2.   LRN admits the allegations contained in Paragraph 2.

1

3. LRN admits that it is a corporation organized under the laws of the state of Delaware with its principal place of business in California. LRN denies the remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required.

5. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required.

## FACTS

6. LRN admits that in its Complaint, it seeks injunctive relief based upon Philips' misappropriation, or threatened misappropriation, of LRN's trade secrets and confidential proprietary information as defined in the California Uniform Trade Secrets Act. LRN denies that it has "purported" to make claims of trade secret misappropriation against Philips.

7. LRN denies the allegations contained in Paragraph 7.

8. LRN denies the allegations contained in Paragraph 8.

9. LRN denies the allegations contained in Paragraph 9.

10. LRN admits that Cal. Civ. Code § 3426.4 states that a court may award reasonable attorney's fees to a prevailing party if a claim of misappropriation is made in bad faith but denies any implicit allegation contained in Paragraph 10 that suggests that LRN filed any claim in bad faith.

11. LRN denies the allegations contained in Paragraph 11.

12. LRN denies the allegations contained in Paragraph 12.

13. LRN denies any allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any harm suffered by Philips arose through her own actions and/or omissions that adversely and substantially affected the interests of LRN.

### THIRD DEFENSE

LRN's actions were taken in good faith, without malice, intent and/or willfulness such that the relief sought is not available.

### FOURTH DEFENSE

Philips is not entitled to relief pursuant to Cal. Civ. Code § 3426.4 because LRN's claims of misappropriation were not made in bad faith.

### FIFTH DEFENSE

Upon information and belief, Philips misappropriated, or threatens to misappropriate, LRN's trade secrets and confidential proprietary information.

### SIXTH DEFENSE

Upon information and belief, Philips breached, or threatens to breach, written employment agreements that she signed at the inception of her employment with LRN in December 1999.

### SEVENTH DEFENSE

At the inception of her employment with LRN, Philips signed written employment agreements through which she acknowledged that LRN would be entitled to injunctive relief should she breach any of the provisions contained in the agreements.

## EIGHTH DEFENSE

Philips has failed to mitigate the damages that she claims against LRN.

## NINTH DEFENSE

Philips's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE

Philips is estopped to assert, has waived, or has released every claim that Philips otherwise may have had.

## ELEVENTH DEFENSE

Philips is not entitled under law to the relief requested.

## TWELFTH DEFENSE

LRN intends to rely on such other affirmative defenses that may become available or apparent during the course of discovery in this case. LRN expressly reserves the right to amend this answer to assert any and all such defenses.

WHEREFORE, having answered the counterclaim, LRN requests that this counterclaim be dismissed with prejudice, that LRN be awarded the injunctive relief it seeks in its Complaint and Motion for Preliminary Injunction, and for such other and further relief as the Court deems appropriate.

Dated: September 29, 2005

Respectfully submitted,

*[signature]*

Michelle L. Schaefer
(D.C. Bar # 478773)
Roxane Sokolove Marenberg
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, N.W.
Washington, DC 20036
202.861.3900 – Telephone
202.223.2085 – Facsimile

Counsel for Plaintiff LRN Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2005 a copy of the foregoing LRN's Answer to Defendant's Counterclaim was served through first class mail and electronically upon:

Rodney Leffler
Timothy Hyland
**LEFFLER & HYLAND**
A Professional Corporation
4163 Chain Bridge Road
Fairfax, Virginia 22030-4102
703-293-9300 (phone)
703-293-9301 (fax)

Brad R. Newberg
Christopher Winters
Newberg & Winters, LLP
8300 Boone Boulevard
Suite 500
Vienna, VA 22182-2681

_____
Michelle L. Schaefer